Vera Ann MORRIS,
Petitioner, Appellant,

v.

**AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,**
Respondent.

No. C5–85–224.

Court of Appeals of Minnesota.

July 30, 1985.

Review Granted Oct. 24, 1985.

**621**

Robert Edwards, Anoka, for appellant.

Kathleen Drake, Albers & Associates, Bloomington, for respondent.

Gary Stoneking, Hvass, Weisman & King, Minneapolis, for amicus Minnesota Trial Lawyers Ass'n.

Eric J. Magnuson, Minneapolis, for amicus Ins. Federation of Minnesota.

R. Gregory Stephens, Minneapolis, for amicus Minnesota Defense Lawyers Ass'n.

Heard, considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ.

## OPINION

POPOVICH, Chief Judge.

Vera Ann Morris appeals a trial court order refusing to allow her to amend her complaint. Appellant claims the trial court erred when it concluded a private cause of action does not exist under Minn.Stat. § 8.31, subd. 3a (1984) for violation of Minn.Stat. § 72A.20, subd. 12 (1984). We reverse and remand.

## FACTS

Appellant commenced an action to recover no-fault benefits from her insurance provider, respondent American Family Mutual Insurance Company. Shortly after the case was commenced and before any certification of readiness, appellant sought to amend her complaint to include a cause of action under Minn.Stat. § 72A.20 (1984). The trial court refused to allow the amendment, holding the "Unfair Claims Practices Act does not create a private cause of action." Appellant petitioned for and was granted discretionary review by this court.

## ISSUE

Does Minn.Stat. § 8.31, subd. 3a (1984) create a private cause of action for violations of Minn.Stat. § 72A.20, subd. 12 (1984)?

## ANALYSIS

1. The parties and amici raise numerous issues and cite numerous authorities from other jurisdictions. The Minnesota statutes in question in this matter are not the same as any other jurisdiction. Although other states have adopted similar statutes and ruled on this issue, these other jurisdictions are split on whether provisions of their respective Unfair Claims Practices Acts may be enforced by private actions. The issue in this matter is essentially one of statutory construction.

2. Minn.Stat. § 8.31, subd. 3a (1984) creates a private cause of action for persons damaged by certain unfair or unlawful business practices:

In addition to the remedies otherwise provided by law, any person injured by a violation of any of the laws referred to in subdivision 1 may bring a civil action and recover damages, together with costs and disbursements, including costs of investigation and reasonable attorney's fees, and receive other equitable relief as determined by the court.

*Id.* Prior to 1983, insurance companies were excluded from section 8.31:

The provisions of this section shall not apply to any person, firm or corporation engaged in the insurance business and as such subject to sections 72A.17 to 72A.30.

Minn.Stat. § 8.31, subd. 4 (1982). Subdivision 4 was repealed in 1983. *See* 1983 Minn.Laws ch. 290, § 173; *id.* ch. 301, § 235. After 1983, insurance companies are no longer excluded from the provisions of Minn.Stat. § 8.31.

■ Subdivision 3a creates a private action for violation "of any of the laws referred to in subdivision 1." Respondent claims a private action does not exist to enforce Minn.Stat. § 72A.20, subd. 12 (1984) because this statute is not specifically included in section 8.31, subd. 1. Section 8.31, subd. 1, states:

The attorney general shall investigate violations of the law of this state respecting unfair, discriminatory and other unlawful practices in business, commerce, or trade, and specifically, but not exclusively, the act against unfair discrimination and competition (sections 325D.01 to 325D.08), the unlawful trade practices act (sections 325D.09 to 325D.16), the automobile dealer's anticoercion act (sections 325D.17 to 325D.29), the antitrust act (sections 325D.49 to 325D.66), section 325F.67 and other laws against false or fraudulent advertising, the antidiscrimination acts contained in section 325D.67, the act against monopolization of food products (section 325D.68), and the prevention of consumer fraud act (sections 325F.68 to 325F.70) and assist in the enforcement of those laws as in this section provided.

Minn.Stat. § 8.31, subd. 1 (1984).

Respondent's position on this issue is without merit. Subdivision 3a creates a private cause of action for the laws "referred to" in subdivision 1. Subdivision 1 refers to "the law of this state respecting unfair, discriminatory and other unlawful practices in business, commerce, or trade." By its own terms, subdivision 1 provides that the laws listed within the subdivision are not exclusive. Thus, the essential question is not whether Minn.Stat. § 72A.20 is specifically enumerated in section 8.31, subd. 1. Rather, the issue is whether section 72A.20 is a law "respecting unfair, discriminatory and other unlawful practices in business, commerce, or trade."

■ Section 72A.20, subd. 12, falls within the ambit of section 8.31, subd. 1. Even a cursory overview of chapter 72A illustrates the legislature's intent to address unfair, discriminatory and other unlawful practices in the insurance industry. *E.g.* Minn.Stat. § 72A.17 (1984) (purpose of sections 72A.17 to 72A.32 is to identify and prohibit unfair acts and practices in insurance industry); *id.* § 72A.19 (prohibiting "unfair or deceptive act or practice in the business of insurance" as defined by sections 72A.17 to 72A.32). Therefore, a private party has a cause of action for the violation of Minn.Stat. § 72A.20.

3. The next issue involves the scope of this cause of action. Respondent claims that even if section 8.31 creates a cause of action for a violation of chapter 72A, appellant has failed to state a cause of action because an individual violation of section 72A.20, subd. 12, is not actionable.

Appellant's purported cause of action is based on the alleged violation of Minn.Stat. § 72A.20, subd. 12(4), one of 14 different illegal unfair service practices listed in subdivision 12. Unfair service is defined as:

Causing or permitting *with such frequency to indicate a general business practice* any unfair, deceptive, or fraudulent act concerning any claim or com-

plaint of an insured or claimant including, but not limited to, the following practices:

$$* \quad * \quad * \quad * \quad * \quad *$$

(4) refusing to pay claims without conducting a reasonable investigation based upon all available information * * *.

Minn.Stat. § 72A.20, subd. 12 (1984) (emphasis added).

 Respondent contends this statute precludes a cause of action for an individual violation of subdivision 12. It is unclear from the proposed pleadings whether appellant intends to prove respondent had a general business practice of denying claims without making a reasonable investigation. The question of "general business practice" is a necessary element when proving a violation of section 72A.20, subd. 12. A plaintiff is required to show the insurer's violation of subdivision 12 was a general business practice as opposed to an inadvertent occurrence. This requirement is a question of fact to be submitted to a jury.

 Respondent also cites Minn.Stat. § 72A.20, subd. 12a, which provides:

The commissioner may, in accordance with sections 72A.22 to 72A.25, seek and impose appropriate administrative remedies, including fines, for (1) a violation of this subdivision or the rules adopted pursuant to this subdivision; or (2) a violation of section 72A.20, subdivision 12. The commissioner need not show a general business practice in taking an administrative action for these violations.

No individual violation constitutes an unfair, discriminatory, or unlawful practice in business, commerce, or trade for purposes of section 8.31.

*Id.*[1] The applicability of the limitation regarding individual violations contained in subdivision 12a is questionable because subdivision 12a applies to administrative enforcement by the commissioner. Subdivision 12a is somewhat repetitive of the provisions contained in subdivision 12.

*Compare, e.g.,* Minn.Stat. § 72A.20, subd. 12(4) *with* subd. 12a(h)(2). The limitation in subdivision 12a could just as easily be interpreted to apply solely to actions brought *by the commissioner* under section 8.31. Resolution of this issue is, in any case, not determinative because a private party must show a general business practice. The showing of a general business practice overcomes any limitation on individual violations contained in subdivision 12a.

 4. Minn.R.Civ.P. 15.01 requires a trial court to be liberal in granting a request to amend a pleading. The trial court erred by concluding appellant did not state a cause of action under Minn.Stat. § 8.31, subd. 3a (1984) for violation of Minn.Stat. § 72A.20, subd. 12 (1984). Appellant should have been allowed to amend her complaint. *See Schroeder v. Jesco, Inc.,* 296 Minn. 447, 455, 209 N.W.2d 414, 419 (1973).

## DECISION

Minn.Stat. § 8.31, subd. 3a (1984) creates a private remedy for persons injured by violations of law referred to in section 8.31, subd. 1. Subdivision 1 refers to laws dealing with unfair and deceptive business practices, which include the provisions of the Minnesota Unfair Claims Practices Act. The question of whether an alleged violation constitutes a "general business practice" is an element of any claim for damages arising from a violation of Minn.Stat. § 72A.20, subd. 12 (1984). The existence of this issue, however, does not negate the existence of the cause of action created under Minn.Stat. § 8.31. The trial court erred by refusing to allow appellant to amend her complaint.

Reversed and remanded.

1. This provision also buttresses our conclusion that some aspect of chapter 72A falls within the purview of section 8.31.